UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
In re:

| | |
|---|---|
| **WALTER G. PECKHAM**, | |
| and **COURTNEY E. PECKHAM** | Chapter 7 |
| Debtors | Case No. 08-14319-JNF |

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

### ORDER

Upon consideration of 1) "Creditor Raymond Liddell's Objection to Homestead Exemption;" 2) "Creditors, Myer Dana, Alan Dana and Marshall Dana's Objection to Homestead Exemption;" 3) the "Debtors Opposition To Creditor Raymond Liddell's Objection To Homestead Exemption;" 4) the "Debtor's Opposition To Creditors Myer Dana, Alan Dana and Marshall Dana Objection to Homestead Exemption;" 5) the Creditors' requests for an evidentiary hearing; 6) the representations and arguments of counsel made at the hearing on October 7, 2008; and 7) the judgment, dated November 27, 2007, entered by the Middlesex Superior Court, Department of the Trial Court, <u>Myer R. Dana, et al. v. Peckham Piano & Music Center, Inc., et al.</u>, in which the court stated, in pertinent part, the following:

> It is further <u>ORDERED</u> and <u>DECLARED</u> that Declaratory Judgment shall enter in favor of the Plaintiff declaring as follows: The Homestead, dated January 26, 2007, executed by Walter Peckham, and recorded with the Southern Essex District Registry of Deeds at Book 26543, Page 597, and any subsequently recorded homesteads declared and recorded in connection with

1

> 66 Sumner Street, Gloucester, Essex County, Massachusetts are *null and void and subordinate to all of the Plaintiff's executions, demands, claims, and judgments obtained against the Defendants,* including the judgment and executions issued in the instant case.

(emphasis supplied), the Court hereby orders the following:

1. The parties shall confer pursuant to Fed. R. Civ. P. 26, made applicable to this proceeding by Fed. R. Bankr. P. 7026, within 15 days of the date of this order and file no later than November 14, 2008 a certification that the Rule 26(f) conference has taken place, as well as a written report outlining a proposed discovery plan.

2. Discovery shall be completed on or before December 15, 2008, unless the court, upon appropriate motion and consideration of the discovery plan, alters the time and manner of discovery.

3. The parties are ordered to file by December 31, 2008 a Joint Pretrial Memorandum approved by all counsel and unrepresented parties, which shall set forth the following:

> (A) The name and, if not previously provided, the address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises.
>
> (B) A list of witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.
>
> (C) A list of witnesses intended to be called as experts, together with a statement as to an objection to their qualification.
>
> (D) An appropriate identification of each document or other exhibit, other than those to be used for impeachment, in the sequence in which they will be offered, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

(E) A statement of any objections, together with the grounds therefor, reserved as to the admissibility of a deposition designated by another party and to the admissibility of documents or exhibits. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the court for good cause shown.

(F) A statement confirming that the parties have exchanged copies of the exhibits.

(G) Facts which are admitted and which require no proof.

(H) The issues of fact which remain to be litigated (evidence at the trial shall be limited to these issues).

(I) The issues of law to be determined.

(J) A statement summarizing the Plaintiff's case.

(K) A statement summarizing the Defendant's case.

(L) The estimated length of the trial.

4. Any dispositive motions must be filed no less than seven business days prior the date fixed for the filing of the Joint Pretrial Memorandum or the relief sought in such motions shall be deemed to have been waived.

5. Failure to strictly comply with all of the provision of this order may result in the automatic entry of a dismissal or a default as the circumstances warrant in accordance with Fed. R. Civ. P. 16, made applicable to this proceeding by Fed. R. Bankr. P. 7016.

6. In lieu of the discovery schedule set forth above, the parties may elect to file an Agreed Statement of Facts on or before December 15, 2008.

7. The parties shall file briefs by December 31, 1008 on the following issues: 1) whether the language employed by the Superior Court in its declaratory judgment is

binding on this Court and if not, why not; 2) whether the Superior Court's declaratory judgment invalidates the Debtors' homestead exemption; 3) whether, in light of 11 U.S.C. § 522(c), the Superior Court's declaratory judgment is ineffective to invalidate the Debtors' exemption; 4) whether the litigation which precipitated the Superior Court's decision and language employed by the Superior Court in its declaratory judgment warrants application of Patriot Portfolio, LLC v. Weinstein (In re Weinstein), 164 F.3d 677 (1st Cir. 1999); 5) whether the Debtors' failure to appeal the Superior Court judgment or record another homestead precludes their assertion of the homestead exemption in this case; and 6) whether the Rooker-Feldman Doctrine deprives this Court of jurisdiction to entertain a challenge to the Superior Court's declaratory judgment through the Debtors' assertion of a homestead exemption in this case, see In re Rodrigues, 370 B.R. 467 (Bankr. D. Mass. 2007).

By the Court,

*Joan N. Feeney*

_____

Joan N. Feeney
United States Bankruptcy Judge

Dated: October 29, 2008
cc: Jarrod M. Hochman, Esq., Harvey S. Shapiro, Esq., Mark L. Nestor, Esq., Kathleen P. Dwyer, Esq.